**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VALERIK GRIGORYAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70836

Agency No. A097-101-957

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2014
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Valerik Grigoryan, native of the Soviet Union and citizen of Armenia,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

affirming an immigration judge's (IJ) denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(CAT) based upon Grigoryan's lack of credibility. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence. *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). We grant the petition for review.

The BIA reviewed the IJ's adverse credibility determination for clear error, but it did not adopt the IJ's findings wholesale. Instead, the BIA identified only one of the IJ's findings as the basis for its adverse credibility determination. Given that review, we may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). However, we only review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id*. "[W]e do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Id*.

In its decision, the BIA identified one significant reason—inconsistencies regarding the name of his political party—to support Grigoryan's adverse credibility finding. Substantial evidence does not support this conclusion. The record is unclear as to whether Grigoryan was actually confronted or changed his testimony with regard to the name of his political party. There is evidence of poor

-2-

translation with regard to the terms "national" and "people." However, there is no evidence that Grigoryan was confronted and given an opportunity to explain whether the "Armenian People's Front" is different from "HZHCH" or the "Ardarutyun (Justice) Party." *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004). Further, Grigoryan was not able to provide corroborating evidence, because he had no notice that his failure to present his wife and children as witnesses at the hearing would result in an adverse credibility finding. *See Sidhu v. INS*, 220 F.3d 1085, 1091-92 (9th Cir. 2000). Because there were translation issues, which undermine the adverse credibility finding, *see He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003), a lack of confrontation, and improper notice that corroborating evidence was needed, we remand Grigoryan's asylum, withholding of removal, and CAT claims to the BIA for a new evidentiary hearing with respect to credibility and merits determination. *See Soto–Olarte v. Holder*, 555 F.3d 1089, 1095–96 (9th Cir. 2009). We remand on an open record for both Grigoryan and the government to supplement, should they wish.

**PETITION FOR REVIEW GRANTED and REMANDED.**